# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DE LAGE LANDEN FINANCIAL ) <br> SERVICES, INC., assignee of LBX Company, ) <br> LLC dba LBX Financial Services, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> M.D.M. LEASING CORP., ROBERT M. RYAN ) <br> and UNITED DEMOLITION, INC., ) <br> ) <br> Defendants. ) | Case No. 07-C-0045 <br><br> Judge Marvin E. Aspen <br><br> Magistrate Judge Valdez |

**MOTION FOR JUDGMENT BY DEFAULT IN REPLEVIN**

NOW COMES Plaintiff, DE LAGE LANDEN FINANCIAL SERVICES, INC., assignee of LBX Company, LLC d/b/a LBX Financial Services ("DLL"), by and through its attorneys, Askounis & Borst, P.C., and for its Motion for Judgment by Default in Replevin, states as follows:

1. DLL proceeds with this Motion pursuant to Federal Rule of Civil Procedure 64 which provides that DLL may seek entry of an order of replevin in this proceeding and which proceeding is governed under Illinois Rule of Civil Procedure 735 ILCS 5/19-101 et seq.

2. This Motion for the entry of a default judgment in replevin is supported and verified by the Verified Complaint in Replevin and the Affidavit of Mark Powers. A true and correct copy of the Verified Complaint in Replevin is attached hereto as Exhibit A. The Affidavit of Mark Powers, Litigation Specialist for DLL, is attached hereto as Exhibit B.

3. Under Illinois law, a plaintiff is entitled to a replevin order if it establishes that: (1) it is lawfully entitled to the possession of the collateral; (2) the defendant is wrongfully detaining the collateral; (3) it has made demand upon the defendant for the return of the collateral; and (4) the collateral has not been taken for any tax, assessment, or fine levied by virtue of any law of the State

of Illinois, against the property of plaintiff, nor seized under any lawful process against the goods and chattels of the plaintiff subject to such lawful process, nor held by virtue of any order for replevin against such plaintiff. 735 ILCS 5/19-104 (West 2004). See also First Illini Bank v. Wiltek Industries, Inc., 261 Ill.App.3d 969, 634 N.E.2d 762, 199 Ill.Dec. 709 (3rd Dist. 1994).

4. DLL filed its Verified Complaint in Replevin on January 4, 2007 against M.D.M. Leasing Corp. ("MDM"), Robert Ryan ("Ryan"), and United Demolition ("United") (collectively, the "Defendants") seeking an order of replevin. See Exhibit A hereto.

5. Defendants were served with the Verified Complaint on or about January 22, 2007 through January 26, 2007. [Docket Nos. 8-10]

6. Defendants filed their Appearances and a Motion to Dismiss the Verified Complaint on February 27, 2007. [Docket Nos. 15-17 and 19]

7. Pursuant to this Court's Order entered on May 21, 2007, Defendants' Motion to Dismiss the Verified Complaint was denied. A copy of the Order is attached hereto as Exhibit C.

8. Under Federal Rules of Civil Procedure Rule 12(a)(4), if the court denies a motion to dismiss, the responsive pleading shall be served within 10 days after notice of the court's action.

9. As of August 8, 2007, no subsequent answer or responsive pleading has been filed on behalf of any of the Defendants. The undersigned counsel's Certificate attesting to the same is attached hereto as Exhibit D.

10. On or about April 12, 2006, LBX Company, LLC dba LBX Financial Services ("LBX"), a non-party, and MDM executed Loan & Security Agreement No. 24701102 (the "Agreement"), which ROBERT M. RYAN ("RYAN") and UNITED DEMOLITION, INC. ("UNITED") unconditionally and personally guaranteed. A true and correct copy of the Agreement

and Guarantees are attached to the Verfied Complaint as Exhibits 1, 2, and 3, respectively.

11. In order to secure payment under the Agreement, MDM granted LBX a continuing, first priority security interest in the following equipment:

> One (1) 2005 Link Belt 460LX Excavator, Serial Number K7J5-9420 with one (1) Genesis 1000R Shear Serial Number10357R including all additions, attachments, accessions, substitutions, replacements and proceeds of the foregoing.

(the "Equipment"). A true and correct copy of the UCC Financing Statement is attached as Exhibit 1 to the Affidavit of Mark Powers hereto as Exhibit B.

12. LBX subsequently assigned all of its right, title, and interests in the Agreement and the Equipment to DLL. See Exhibit B, ¶10.

13. MDM has defaulted under the terms of the Agreement by failing and refusing to make payments to DLL in the manner it promised under the Agreement. See Exhibit B.

14. In late April 2007, DLL recovered one part of the Equipment, the Link Belt 460LX Excavator, Serial Number K7J5-9420 which is being held by the equipment dealer for DLL.

15. MDM wrongfully holds and detains the other part of the Equipment, the Genesis 1000R Shear Serial Number 10357R including all additions, attachments, accessions, substitutions, replacements and proceeds of the foregoing, as against the interest of DLL.

16. The value of the Equipment is $516,000.00, depending on condition.

17. Despite demand, to date MDM has refused to turn over possession of the entirety of the Equipment over to DLL.

18. Consequently, DLL is entitled to the entry of judgment by default in its favor and against MDM, RYAN, and UNITED for the relief sought in its Complaint, including attorneys fees and costs in the amount of $13,924.93 pursuant to the Affidavit of Jennifer E. Gaylord in Support

of Attorneys' Fees, attached hereto as Exhibit E, and Paragraph 16 of the Lease Agreement.

19. DLL is entitled to foreclose on its security interest in the Equipment, to wit:

One (1) 2005 Link Belt 460LX Excavator, Serial Number K7J5-9420 with one (1) Genesis 1000R Shear S/N 10357R including all additions, attachments, accessions, substitutions, replacements and proceeds of the foregoing,

and to obtain immediate possession of thereof.

WHEREFORE, DE LAGE LANDEN FINANCIAL SERVICES, INC., assignee of LBX Company, LLC d/b/a LBX Financial Services respectfully requests this Court enter an order directing MDM, UNITED and RYAN, jointly and severally, to turnover One (1) new Shear Genesis 1000R, Serial Number 10357R to DLL within fourteen (14) days of the date of this Court's Order; and further that an order of replevin be issued directing the United States Marshall Service, or such other officer to whom this is directed to, after fourteen (14) days from the date of entry of this Order, use all reasonable force necessary to repossess the property, to wit: One (1) new Shear Genesis 1000R, Serial Number 10357R from MDM, UNITED and RYAN, or in the alternative, to enter judgment against MDM, UNITED and RYAN for the value of the property not returned, and further grant DLL, at its sole discretion, the right to dispose of the Equipment, to wit: One (1) 2005 Link Belt 460LX Excavator, Serial Number K7J5-9420 with one (1) Genesis 1000R Shear Serial Number 10357R including all additions, attachments, accessions, substitutions, replacements and proceeds of the foregoing, through a public or private sale, and further waive any bond requirement, and further grant a judgment in favor DLL against Defendants for attorney's costs and fees in the amount of $13,924.93, and grant any such other and further relief as this Court deems just.

DE LAGE LANDEN FINANCIAL SERVICES, INC., assignee of LBX Company, LLC d/b/a LBX Financial Services

By:   s/ Jennifer E. Gaylord, Esq.
Vincent T. Borst, Esq. (ARDC# 06192904)
Jennifer E. Gaylord, Esq. (ARDC #06284809)
ASKOUNIS & BORST, P.C.
180 N. Stetson St., Suite 3400
Chicago, IL 60601
312/861-7100
312/861-0022 (Fax)
vtborst@askborst.com

U:\JGaylord\De Lage Landen\MDM\PleadingsReplevin\Motion for Default Docs\Motion for Default Judgment.wpd