UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DE LAGE LANDEN FINANCIAL SERVICES, )
INC., assignee of LBX COMPANY, LLC )
dba LBX FINANCIAL SERVICES, )
 )
             Plaintiff, )
 )
             v. )     No. 07 C 0045
 )
M.D.M. LEASING CORP., ROBERT M. RYAN, )
and UNITED DEMOLITION, INC., )
 )
             Defendants. )
\

## MEMORANDUM ORDER AND OPINION

MARVIN E. ASPEN, District Judge:

In the instant motion, Plaintiff De Lage Landen Financial Services, Inc. ("DLL") asks that we strike the affirmative defenses asserted by Defendants M.D.M. Leasing Corp., Robert M. Ryan and United Demolition, Inc (collectively, "Defendants"). For the reasons set forth below, we grant in part and deny in part DLL's motion to strike.

## BACKGROUND

As discussed in our earlier orders, DLL pursues two complaints against Defendants. In both cases, DLL alleges that Defendants entered into an April 12, 2006 Loan and Security Agreement ("Agreement") with LBX Company, LLC (d/b/a LBX Financial Services) ("LBX"), for the purchase of certain industrial equipment and then subsequently defaulted under the terms of the Agreement by failing to make payments. In the first case, filed January 4, 2007 ("the Replevin Complaint"),

DLL alleges that, as LBX's assignee, it continues to hold a first priority secured interest in the equipment covered by the Agreement and has demanded that Defendants surrender that equipment. (Replevin Compl. ¶¶ 9-12.) In light of Defendants' alleged refusal to comply, DLL filed an action for replevin and monetary damages. (*Id.* ¶¶ 12-14.) In the second case, filed February 27, 2007 (the "Deficiency Complaint"), DLL seeks damages under breach of contract and breach of guaranty theories as a result of Defendants' alleged default.

DLL presently challenges the affirmative defenses asserted by Defendants in response to the two complaints. DLL argues that Defendants are barred by the express terms of the Agreement from asserting any affirmative defenses, including breaches of warranty. DLL also contends that Defendants cannot challenge DLL's standing as an affirmative defense. Finally, DLL asks that we strike the second and third affirmative defenses to the Replevin Complaint because Defendants raised the same issues in an earlier motion to dismiss, which we denied on May 21, 2007.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(c) requires parties to set forth any affirmative defenses in their responsive pleadings and specifically lists nineteen defenses that must be pled "affirmatively." A motion to strike pursuant to Rule 12(f) is the appropriate means of removing "impertinent or redundant matter in any pleading and is the primary procedure for objecting to an insufficient defense." *Van Schouwen v. Connaught Corp.*, 782 F. Supp. 1240, 1245 (N.D. Ill. 1991). Motions to strike affirmative defenses are generally disfavored because of their potential to delay proceedings. *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975) (citations omitted). Thus, such a motion should not be granted unless the defense is "patently defective." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 833 F.2d 1286, 1294 (7th Cir. 1989). Nonetheless,

a motion to strike can be a useful means of removing "unnecessary clutter" from a case. *Heller Fin.*, 833 F.2d at 1294.

This Court engages in a three-step analysis when assessing the sufficiency of an affirmative defense. *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 905 (N.D. Ill. 2006); *Bobbitt v. Victorian House, Inc.*, 532 F. Supp. 734, 737 (N.D. Ill. 1982). First, we determine whether the matter is appropriately pled as an affirmative defense. "Only matters that deserve a clear 'no' answer will be stricken to make the pleadings more concise." *Bobbitt*, 532 F. Supp. at 737. Second, we consider whether the defense has been adequately pled pursuant to the requirements of Federal Rules of Civil Procedure 8 and 9. *Id.*; *Reis Robotics USA, Inc.*, 462 F. Supp. 2d at 905. If a party fails to meet these basic pleading requirements, we should dismiss the defense with leave to amend. Finally, we evaluate the sufficiency of the defense pursuant to the standard followed in assessing Rule 12(b)(6) motions. *Reis Robotics USA, Inc.*, 462 F. Supp. 2d at 905; *Bobbitt*, 532 F. Supp. at 737. Ultimately, a defense should be stricken only if the defendant cannot prove any set of facts in support of the defense that would defeat the complaint. *Reis Robotics USA, Inc.*, 462 F. Supp. 2d at 905; *Bobbitt*, 532 F. Supp. at 737; *see also Surface Shields, Inc. v. Poly-Tak Prot. Sys.*, 213 F.R.D. 307, 308 (2003).

## ANALYSIS

### A. *Defendants' Waiver of Affirmative Defenses*

DLL contends that, pursuant to the Agreement, Defendants have waived their right to assert any defenses against DLL with respect to either complaint. (Mot. at 4.) DLL also specifically argues that the Agreement precludes Defendants from raising affirmative defenses based on alleged breaches of implied warranties. (*Id.* at 5-6.) In support of these arguments, DLL cites to paragraphs

6 and 17 of the Agreement and quotes the language found therein. According to DLL, the Agreement unambiguously states that "the right of the assignees . . . shall not be subject to any defense, set-off or counterclaim which the Borrower may have against Lender." (*Id.* at 4.) DLL represents that the Agreement further provides that "Lender has not and does not make any representations and/or warranty, express or implied, with respect to [the equipment's] condition, merchantability, suitability, capacity or fitness for any particular purpose." (*Id.* at 6.) DLL asks that we strike any and all of Defendants' affirmative defenses based on these provisions. (*Id.* at 4.)

Although Defendants respond that DLL has "put the cart before the horse" by relying on these terms, courts routinely review and interpret contracts when deciding motions under a Rule 12(b)(6) standard. Indeed, contracts attached to a complaint "are considered part of the pleadings" and may be evaluated for purposes of motions to dismiss and, thus, motions to strike. *Chi. Dist. Council of Carpenters Welfare Fund v. Caremark, Inc.*, 474 F.3d 463, 466 (7th Cir. 2007); Fed. R. Civ. P. 10(c); *see, e.g., Beanstalk Group, Inc. v. AM Gen'l Corp.*, 283 F.3d 856, 858 (7th Cir. 2002); *Guitar Ctr. Stores, Inc. v. 7250 S. Cicero Equities, LLC*, No. 07 C 4227, 2007 WL 3374592, at *3 (N.D. Ill. Nov. 8, 2007) (interpreting lease agreement to determine whether it barred plaintiff's claim for consequential damages); *MB Fin. Bank, N.A. v. Planet Airways, Inc.*, No 04 C 0893, 2005 WL 1189597, at *2-3 (N.D. Ill. May 4, 2005) (interpreting promissory note and loan agreement, concluding that guarantors waived claims for fraudulent misrepresentation and breach of duty of good faith, and holding that contracts precluded affirmative defense of failure to mitigate). "The interpretation of an unambiguous contract is a question of law that can be decided at the motion to dismiss stage." *Federalpha Steel LLC Creditors' Trust v. Fed. Pipe & Steel Corp.*, 368 B.R. 679, 688-89 (N.D. Ill. 2006); *Guitar Ctr. Stores, Inc.*, 2007 WL 3374592, at *3 ("At a minimum, there

4

must at least be some ambiguity in the language of the contract before determining that its meaning cannot be resolved on a motion to dismiss."). Because DLL attached the Agreement and guaranties at issue to the Deficiency and Replevin Complaints, we may theoretically consider them as we address the present motion.

As a practical matter, however, we cannot evaluate the contracts simply because we cannot read them. The copies of the pertinent documents attached to the Complaints are almost entirely illegible. Even if we could make out the critical paragraphs cited by DLL, we are unable to review them in the context of the entire Agreement.[1] Accordingly, we are unable to determine whether the Agreement is unambiguous and, if so, whether its provisions bar Defendants from asserting affirmative defenses as a matter of law. Because we cannot review the language of the Agreement for ourselves, we deny the motion without prejudice.

  B.  *Standing as an Affirmative Defense*

While Defendants may continue to assert affirmative defenses generally at this juncture, we agree with DLL that Defendants cannot include standing among them. Because a plaintiff must plead and ultimately prove standing, lack of standing "is not an affirmative defense under federal law." *Native Am. Arts, Inc. v. The Waldron Corp.*, 253 F. Supp. 2d 1041, 1045 (N.D. Ill. 2003); *see also Huthwaite, Inc. v. Randstand Gen'l Partner (US), L.L.C.*, No. 06 C 1548, 2006 WL 3065470, at *8 (N.D. Ill. Oct. 24, 2006) (striking affirmative defense of standing with no opportunity to replead). "A challenge to standing would be more properly brought on a motion to dismiss." *Huthwaite, Inc.*, 2006 WL 3065470, at *8; *Native Am. Arts, Inc.*, 253 F. Supp. 2d at 1045. Although

---

[1]We also observe that the second page of the Agreement appears to be unsigned.

5

we denied Defendants' motion to dismiss on May 21, 2007, the burden remains with DLL to prove the allegations that it has standing to pursue this action.

### C.   *Defenses Particular to the Replevin Action*

In their answer to the Replevin Complaint, Defendants asserted two defenses, challenging DLL's compliance with the strict requirements of the Illinois replevin procedure and possessory interest in the equipment. (Ans. to Replevin Compl. ¶¶ 20-23, 27-29.) DLL contends that we must strike these second and third defenses to the Replevin Complaint because Defendants unsuccessfully raised them in the earlier motion to dismiss. (Mot. at 6-7.) Contrary to DLL's assertion, our May 21 Order did not evaluate the merits of these defenses or conclude that they were "patently defective." *Heller Fin.*, 833 F.2d at 1294. Our May 21 Order briefly addressed DLL's Replevin Complaint under the relatively liberal federal pleading standards. We held only that DLL's allegations, particularly with respect to standing, were sufficient to state a claim and survive the Rule 12(b)(6) motion. Because we did not substantively evaluate Defendants' defenses, given the necessary focus on DLL's allegations, we will not prohibit Defendants from pursuing these second and third defenses as the litigation proceeds. These defenses are not impertinent or redundant such as to warrant striking them under Rule 12(f). *See Van Schouwen*, 782 F. Supp. at 1245.

## CONCLUSION

As set forth above, we grant in part and deny in part DLL's Combined Motion to Strike Defendants' Affirmative Defenses. Specifically, we strike the first affirmative defense (lack of

standing) from both the Replevin Complaint and the Deficiency Complaint. DLL's motion is denied in all other respects. It is so ordered.

                                                MARVIN E. ASPEN
                                                United States District Judge

Date: December 10, 2007